**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEREK S WINNIE,

                              Plaintiff,                    1:24-cv-940 (BKS/CFH)

v.

JOSEPH A. SINAGRA, CHARLES P. CAHILL, and
TOWN OF SAUGERTIES,

                              Defendants.

---

**Appearances:**

*For Plaintiff Derek S. Winnie:*
James E. Monroe
Dupee & Monroe, P.C.
211 Main Street, P.O. Box 470
Goshen, New York 10924

*For Defendant Charles P. Cahill:*
Letitia James
Attorney General of the State of New York
Mark G. Mitchell
Assistant Attorney General
The Capitol
Albany, New York 12224

*For Defendants Joseph A. Sinagra and Town of Saugerties:*
Michael T. Cook
Cook, Kurtz & Murphy, P.C.
85 Main Street, P.O. Box 3939
Kingston, New York 12401

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Derek S. Winnie commenced this action in New York Supreme Court, Ulster County asserting claims under 42 U.S.C. § 1983, 18 U.S.C. § 1962, and New York state law. (Dkt. No. 2). On July 30, 2024, Defendant Cahill removed this action from state court. (Dkt. No. 1). On August 5, 2024, Defendants Sinagra and the Town of Saugerties consented to and joined the application for removal. (Dkt. No. 7, ¶ 2).

Presently before the Court is Plaintiff's motion to remand this action to state court, which Defendant Cahill opposes. (Dkt. Nos. 4, 10).

## II.    BACKGROUND

In his Complaint Plaintiff alleges that Defendant Sinagra, Chief of Police and senior administrator for the Saugerties Police Department, and Defendant Cahill, an investigator with the Division of Field and Investigations Unit of the New York State Department of Motor Vehicles, initiated a baseless and retaliatory investigation into Plaintiff's business activities in violation of his First, Fifth, and Fourteenth Amendment rights under the United States Constitution and Article I § 6 of the New York State Constitution. (Dkt. No. 2). Plaintiff further alleges that Defendants Sinagra, Cahill, and members of the Saugerties Police Department conspired to effectuate the investigation in violation of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and retaliated against Plaintiff through a pattern of racketeering activity in violation of 18 U.S.C. § 1962. (*See generally id.*).

The Complaint was served upon Defendant Sinagra on July 10, 2024, (Dkt. No. 1-2, at 2), Defendant Cahill on July 12, 2024, (*id.* at 3), and the Town of Saugerties on July 18, 2024 (*id.* at 4). On July 30, 2024, Defendant Cahill filed a notice of removal pursuant to 28 U.S.C. §§

1331, 1441, 1446, and Rule 81(c) of the Federal Rules of Civil Procedure. (Dkt. No. 1). On August 5, 2024, Defendants Sinagra and Town of Saugerties consented to and joined the application for removal. (Dkt. No. 7, ¶ 2). Plaintiff then moved to remand this action to state court pursuant to 28 U.S.C. § 1447. (Dkt. No. 4). Defendant Cahill timely opposed. (Dkt. No. 10). For the reasons that follow, Plaintiff's motion is denied.

## III.    DISCUSSION

### A.    Standard of Review

"Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction 'may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending.'" *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (quoting 28 U.S.C. § 1441(a)). "Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship." *Id.* (citation omitted). The "federal question determination requires a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." *Deutsche Bank Nat'l Trust Co. v. LeTennier*, No. 3:24-cv-00564, 2024 WL 3043429, at *2, 2024 U.S. Dist. LEXIS 107627, at *3–4 (N.D.N.Y. June 18, 2024) (citing *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013)).

Section 1447 provides a mechanism for remand to state court: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was

proper." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)). "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-cv-05372, 2020 WL 5796814, at *2, 2020 U.S. Dist. LEXIS 179427, at *5 (S.D.N.Y. Sept. 29, 2020).

### B.    Analysis

Plaintiff asserts that removal is inappropriate in this case for three reasons: (1) the Court does not have exclusive jurisdiction to hear Plaintiff's claims, (2) Defendants have not unanimously consented, and (3) Section 1443 is inapplicable. (Dkt. No. 4).

Defendants removed this action pursuant to the federal question statute, Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Whitehurst v. United Healthcare Workers East*, 928 F.3d 201, 206 (2d Cir. 2019) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted)).

On its face, Plaintiff's Complaint asserts claims arising under the Constitution and laws of the United States. (*See generally* Dkt. No. 2 (alleging, pursuant to Section 1983 of Title 42 of the United States Code, Defendants violated Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and violated Section 1926 of Title 18 of the United States Code through a pattern of racketeering activity). While Plaintiff is correct that both state and federal courts may entertain suits brought pursuant to Section 1983, this concurrent jurisdiction does not preclude removal. Indeed, it is the existence of concurrent

jurisdiction which allows a defendant to remove an action from state court to federal court. *See*, *e.g.*, *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988) ("The weight of judicial authority supports the conclusion that 'a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.'" (collecting cases)). The Court thus has federal question jurisdiction over this removed action pursuant to Section 1331. 28 U.S.C. § 1331; *see Varela v. Cnty. of Rensselaer*, No. 1:10-CV-1390, 2011 WL 4593816, at *1, 2011 U.S. Dist. LEXIS 112788, at *3 (N.D.N.Y. Sept. 30, 2011).

Plaintiff's remaining arguments are without merit. All Defendants timely consented to and joined in the application for removal. (Dkt. Nos. 1, 7). Further, Defendants did not assert Section 1443 as a basis for removal. (*See* Dkt. No. 1, at 1; Dkt. No. 10-1, at 6). Accordingly, Plaintiff's motion to remand is denied.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion to remand (Dkt. No. 4) is **DENIED;** and it is further

**ORDERED** that Plaintiff's response to the pending motions to dismiss (Dkt. Nos. 11, 12) is due by November 11, 2024, and any reply is due by November 18, 2024.

**IT IS SO ORDERED.**

Dated: October 21, 2024
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge