**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DEREK S. WINNIE,

                                        Plaintiff,                    1:24-cv-00940 (BKS/PJE)

v.

JOSEPH A. SINAGRA, CHARLES P. CAHILL, and
TOWN OF SAUGERTIES,

                                        Defendants.

_____

**Appearances:**

_For Plaintiff:_
James E. Monroe
Dupee, Monroe Law Firm
211 Main Street
PO Box 470
Goshen, NY 10924

_For Defendants Joseph A. Sinagra and Town of Saugerties:_
Michael T. Cook
Cook, Kurtz & Murphy, P.C.
85 Main Street
PO Box 3939
Kingston, NY 12402

_For Defendant Charles P. Cahill:_
Letitia James
Attorney General of the State of New York
Brian P. Henchy
Mark G. Mitchell
Assistant Attorney Generals
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Derek S. Winnie brings this action under 42 U.S.C. § 1983 and New York law against Defendants Joseph A. Sinagra and Charles P. Cahill, in their individual and official capacities, and the Town of Saugerties, seeking money damages and declaratory relief. (Dkt. No. 18). Plaintiff brings causes of action under federal law for: (1) First and Fifth Amendment[1] retaliation; (2) substantive due process; (3) conspiracy; (4) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (5) malicious prosecution. (*Id.*). Plaintiff also brings a state law claim alleging a violation of his right to equal protection of the laws under Article I, § 11 of the New York State Constitution. (*Id.*). Presently before the Court is Defendants Sinagra and the Town of Saugerties's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26). The motion is fully briefed. (*See* Dkt. Nos. 26-1, 33, 35). Also before the Court is Defendant Cahill's motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 27). That motion is also fully briefed. (*See* Dkt. Nos. 27-1, 32, 34). For the reasons that follow, Defendants Sinagra and the Town of Saugerties's motion to dismiss is granted in part and denied in part, and Defendant Cahill's motion to dismiss is granted in its entirety.

---

[1] Plaintiff concedes that his Fifth Amendment retaliation claim should be dismissed, (Dkt. No. 32, at 3; Dkt. No. 33, at 1), *see Hamilton v. New York State Dep't of Corr. & Cmty. Supervision*, No. 18-cv-1312, 2019 WL 2352981, at *6 n.12, 2019 U.S. Dist. LEXIS 92793, at *18 n.12 (N.D.N.Y. June 4, 2019) ("The Fifth Amendment is applicable to federal actors, not state actors."), and the Court grants Defendants' motions to dismiss this claim.

## II.    FACTS[2]

Plaintiff owned and operated a used car dealership, where he employed an individual named Daniel Torelli as a mechanic and car detailer. (Dkt. No. 18, ¶¶ 13-14). Torelli is Defendant Sinagra's nephew. (*Id.* ¶ 15). Sinagra was, at all relevant times, "Chief of Police and senior administrator for the Town of Saugerties Police Department." (*Id.* ¶ 7). Defendant Cahill "was and is an investigator with the New York State Department of Motor Vehicles, Division of Field and Investigations Unit." (*Id.* ¶ 8). Sinagra and Cahill "had a close personal and professional relationship." (*Id.* ¶ 22).

While employed by Plaintiff, Torelli stole approximately $18,000 from Plaintiff's dealership. (*Id.* ¶ 16). Plaintiff terminated Torelli and "attempted to file criminal charges against his former employee with the Town of Saugerties Police Department and the New York State Police." (*Id.* ¶ 17). Defendant Sinagra "used his official powers/contacts as the Town of Saugerties Police Department's Police Chief to thwart, undermine[ ] and interfere with the lawful criminal prosecution of his nephew." (*Id.* ¶ 18). Plaintiff "made several attempts to initiate and/or inquire as to the criminal prosecution of [Torelli]" which were "intercepted and/or impeded by" Sinagra. (*Id.* ¶ 19).

In "approximately April of 2017," Sinagra "made an unannounced visit to" Plaintiff's dealership "in his official police vehicle[.]" (*Id.* ¶ 20). Sinagra "threatened [Plaintiff] that he was 'making a big mistake' in his ongoing criminal complaint(s) [ ] about and concerning his nephew[']s theft and pursuit of felony charge(s)." (*Id.*). "[N]otwithstanding [ ] Sinagra's threats,"

---

[2] These facts are drawn from the Amended Complaint. (Dkt. No. 18). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff "persisted in speaking out with regards to [T]orelli's criminal conduct[,] which led to [Torelli's] prosecution [ ] and his criminal conviction on March 13, 2019[.]" (*Id.* ¶ 21).

"[I]n response to [Plaintiff's] refusal to remain quiet and head [sic] [D]efendant's direct threat(s)," Sinagra, "in collaboration" with Cahill, initiated an investigation into Plaintiff's business activities. (*Id.* ¶ 23). Plaintiff alleges that the investigation was initiated "with the design and purpose of retaliating against [P]laintiff and causing him personal, professional and financial harm[.]" (*Id.*). Sinagra "actively participated in the investigation and the multi-jurisdictional prosecution of [P]laintiff[.]" (*Id.* ¶ 24). Cahill, "knowing that the claims being actively promoted by [ ] Sinagra as against [Plaintiff] were false, meritless and in retaliation of [P]laintiff's protected right(s) to speech[,]" also "actively participated in the investigation and multi-jurisdictional criminal prosecution of [P]laintiff." (*Id.* ¶ 25).

"[A]t the behest of [S]inagra," Plaintiff's "place of business" remained "under constant surveillance for a period of approximately two years[.]" (*Id.* ¶ 29). During that time, Plaintiff's customers "were harassed and contacted by the [D]efendant without cause [and] questioned about [P]laintiff's unsubstantiated business activities[.]" (*Id.*). "[W]ith the assistance of [a] confidential informant[,]" Sinagra "and/or Cahill manufactured an alleged sale and exchanged [sic] of title with [Plaintiff] for the purchase of a 2003 Toyota 4Runner with the purpose of orchestrating" Plaintiff's arrest. (*Id.* ¶ 28). "[O]n or about April 29, 2021—approximately two years after [Sinagra's] nephew was criminally convicted[,]" and after two years of surveillance— [Plaintiff] was initially arrested by members of the Town of Saugerties Police Department and Cahill as orchestrated by [ ] Sinagra." (*Id.* ¶ 26, 29). Plaintiff alleges that Defendants initiated "the filing of a series of baseless criminal charges[,]" "without any legal justification and without probable cause[,]" (*id.* ¶ 61), and Plaintiff was arrested "on multiple occasions[]" thereafter. (*id.*

¶ 31). "[T]he proceedings terminated in favor of [Plaintiff as to these charges[.]" (*Id.* ¶ 61). The "intense criminal investigation" and false accusations "resulted in the destruction of [Plaintiff's] used car dealership business." (*Id.* ¶ 34).

## III.   STANDARD OF REVIEW

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See *EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir.

2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    DISCUSSION

Defendants have filed two separate motions to dismiss Plaintiff's claims. (Dkt. Nos. 26,

27). The Court addresses each of Plaintiff's causes of action in turn, distinguishing between

Defendants' arguments for dismissal where they do not overlap.

### A.    First Amendment Retaliation

Sinagra and the Town seek dismissal of Plaintiff's First Amendment retaliation claim

because Plaintiff "has not offered any specific factual allegations which demonstrate the absence

of probable cause." (Dkt. Nos. 26-1, at 12).[3] Cahill also moves to dismiss this claim for failing to

plausibly allege the absence of probable cause. (Dkt. No. 27-1, at 9). Plaintiff disagrees, arguing

that he "properly and clearly pleads all three elements for a proper retaliation cause of action."

(Dkt. Nos. 32, at 2; 33, at 2-3).

"[T]he law is settled that as a general matter the First Amendment prohibits government

officials from subjecting an individual to retaliatory actions . . . for speaking out." *Vaher v. Town

of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 596 (S.D.N.Y. 2015) (quoting *Hartman v. Moore*,

547 U.S. 250, 256 (2006)). "To plead a First Amendment retaliation claim, a plaintiff must

plausibly allege that: (1) he has a right protected by the First Amendment; (2) the defendant's

actions were motivated or substantially caused by his exercise of that right; and (3) the

---

[3] Sinagra and the Town separately argue that "the facts as pled do not support any inference of chilled speech[.]"
(Dkt. No. 26-1, at 12). But while "a plaintiff must plead 'some sort of harm, it is not necessary for that harm to be a
chilling of speech in every case[.]'" *Walsh v. City of New York*, No. 19-cv-9238, 2021 WL 1226585, at *6, 2021
U.S. Dist. LEXIS 62982, at *16 (S.D.N.Y. Mar. 31, 2021) (quoting *Vaher v. Town of Orangetown*, 916 F. Supp. 2d
404, 431–32 (2d Cir. 2013)).

defendant's actions caused him some injury." *Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024) (quoting *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013)). As to the second element, the retaliatory motive "must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019). "[W]here alleged retaliation comes in the form of an arrest or prosecution, the plaintiff bears the additional burden of pleading (and then proving) 'the absence of probable cause for the arrest.'" *Falls v. Pitt*, No. 16-cv-8863, 2020 WL 2097626, at *6, 2020 U.S. Dist. LEXIS 77156, at *16-17 (S.D.N.Y. May 1, 2020) (quoting *Nieves*, 587 U.S. at 402).

Plaintiff alleges that Defendants "initiated" the filing "of a series of baseless criminal charges [ ] without any legal justification and without probable cause[.]" (Dkt. No. 18, ¶ 61). Plaintiff does not, however, provide any information whatsoever as to what charges were filed against him, when they were filed, or on what basis. Plaintiff alleges that Defendants "manufactured an alleged sale and exchange[ ] of title with [Plaintiff] for the purchase of a 2003 Toyota 4Runner" in order to "orchestrate" Plaintiff's arrest, but does not explain how this sale relates to his alleged retaliatory arrest. (*See id.*, ¶ 28). The Court is "not bound to accept as true" Plaintiff's legal conclusion that the charges were "without probable cause," *Ashcroft*, 556 U.S. at 678, and Plaintiff has therefore failed to plausibly allege that his arrest was without probable cause, as required for a First Amendment retaliation claim. *See Bright-Asante v. Wagner*, No. 15-cv-9110, 2017 WL 6948359, at *8, 2017 U.S. Dist. LEXIS 214592, at *21 (S.D.N.Y. Dec. 1, 2017) (dismissing malicious prosecution claim because plaintiff's "failure to plead facts—rather than conclusory allegations—sufficient to establish a lack of probable cause doom[ed]" his claim). *See also Falls*, 2020 WL 2097626, at *6, 2020 U.S. Dist. LEXIS 77156, at *17 ("[B]ecause Plaintiff has not adequately pleaded [ ] the absence of probable cause, his purported

First Amendment claim cannot be successful."); *Gray v. Rogers*, No. 24-cv-690, 2024 WL
2882613, at *5, 2024 U.S. Dist. LEXIS 101545, at *12 (D. Conn. June 7, 2024) (dismissing First
Amendment retaliation claim where "no allegations support[ed] an inference that the Patrol
Officer Defendants were acting without reasonable suspicion to stop Plaintiff under the
circumstances").

Cahill separately seeks dismissal of Plaintiff's First Amendment claim on the grounds
that "there is no plausible basis to find that Plaintiff's (ill-described) role in the prosecution of
Mr. Torelli provoked Defendant Cahill's (again, ill-described) involvement in the
investigation(s) leading to any of Plaintiff's arrests and/or ensuing criminal proceedings." (Dkt.
No. 27-1, at 7-8). Cahill also asserts that "the years-long gap" between Plaintiff's efforts 'to
initiate and/or inquire about Mr. Torelli's prosecution" and "his supposedly unlawful arrests" is
"too long to support an inference of retaliatory motive." (Dkt. No. 27-1, at 8-9).

"Recognizing that a defendant's motive and intent are difficult to plead with specificity,
courts in this Circuit find that 'it is sufficient to allege facts from which a retaliatory intent
reasonably may be inferred.'" *Decker Advert. Inc. v. Delaware Cnty., New York*, 765 F. Supp. 3d
128, 150 (N.D.N.Y. 2025) (quoting *Gagliardi v. Village of Pawling*, 18 F.3d 188, 195 (2d Cir.
1994)). "But '[i]t is not enough to show that an official acted with a retaliatory motive and that
the plaintiff was injured'—a plaintiff must allege some 'causal connection' between the alleged
retaliatory animus and subsequent injury." *Nat'l Rifle Ass'n of Am. v. Vullo*, 144 F.4th 376, 387
(2d Cir. 2025) (quoting *Nieves*, 587 U.S. at 398-99). *See also M.Q. v. United States*, 776 F. Supp.
3d 180, 193 (S.D.N.Y. 2025) (noting that, on motion to dismiss, "the role of the [c]ourt is to
determine whether [a p]laintiff has alleged facts that could support a reasonable finding of a
causal connection.'" (internal quotations and citations omitted)).

Plaintiff asserts that Sinagra and Cahill "had a close personal and professional relationship[,]" (*see* Dkt. No. 18, ¶ 22), but alleges no other facts from which the Court could infer a causal connection between Plaintiff's role in Torelli's prosecution and Cahill's alleged role in Plaintiff's arrest. Plaintiff has not explained how the Court could plausibly infer that Cahill, based only on his "close personal and professional relationship" with Sinagra, was motivated to participate in Plaintiff's 2021 arrest because Plaintiff attempted to "initiate or inquire as to the criminal prosecution" of Sinagra's nephew in 2017. *See Oudekerk v. Lehoisky*, No. 24-cv-0311, 2024 WL 1693850, at *3, 5, 2024 U.S. Dist. LEXIS 71524, at *5, 11 (N.D.N.Y. Apr. 19, 2024) (recommending dismissal of retaliation claim where Plaintiff alleged he was falsely arrested in retaliation for the lawsuit he filed against the defendant's friends and coworkers at the police department, finding that there was "no basis for the [c]ourt to infer a causal connection between the alleged adverse action and protected conduct"), *report and recommendation adopted,* No. 24-cv-0311, 2024 WL 3385014, 2024 U.S. Dist. LEXIS 122361 (N.D.N.Y. July 12, 2024). *C.f. Hare v. Hayden*, No. 09-cv-3135, 2011 WL 1453789, at *4, 2011 U.S. Dist. LEXIS 40683, at *12 (S.D.N.Y. Apr. 14, 2011) (noting, on summary judgment, that "as a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant").[4]

Plaintiff has failed to adequately plead the absence of probable cause. *See Falls*, 2020 WL 2097626, at *6, 2020 U.S. Dist. LEXIS 77156, at *17. Separately, he has failed to allege

---

[4] Further, while "the Second Circuit has 'not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action[,]" *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009), "[t]he cases that accept mere temporal proximity between [a defendant's] knowledge of a protected activity and an adverse [ ] action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close[,]'" *Clayton v. City of Middletown*, 564 F. Supp. 2d 105, 112 (D. Conn. 2008) (quoting *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001))). Here, Plaintiff alleges that his retaliatory arrest occurred approximately four years after Torelli's prosecution and six years after Sinagra allegedly told Plaintiff he was "making a big mistake" by attempting to seek criminal charges for Torelli's theft. (Dkt. No. 18, ¶¶ 20, 21, 26).

9

facts from which the Court could reasonably infer Cahill's retaliatory intent. *See Decker*, 765 F. Supp. 3d at 150. Therefore, the Court grants both Defendants' motions to dismiss Plaintiff's First Amendment retaliation claims.

    **B.**    **Substantive Due Process**

      Sinagra and the Town ask the Court to dismiss Plaintiff's substantive due process claim, because "Plaintiff's claims for substantive due process would more properly be examined under the First and Fourteenth Amendments, and because Plaintiff nonetheless fails to state a cause of action for which relief may be granted." (Dkt. No. 26-1, at 15). Cahill seeks dismissal for largely the same reasons. (*See* Dkt. No. 27-1, at 11-12 (seeking dismissal for failure to state a claim and citing *Rother v. New York State Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013) ("Because the claim for substantive due process is subsumed by Plaintiff's other constitutional claims, it must be dismissed."))). Plaintiff disagrees, arguing that he "properly and clearly pleads both elements for a proper substantive due process cause of action[.]" (Dkt. Nos. 32, at 4; 33, at 4).

      The Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, [ ] the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Plaintiff's substantive due process claim overlaps with his other constitutional claims, as he asserts that Defendants "retaliate[d]" against him when they "used their public authority to conceal and cover-up their illegal actions and seek [Plaintiff's] malicious prosecution and unlawful arrest[.]" (Dkt. No. 18, ¶¶ 40, 42). Accordingly, Plaintiff's claims are better viewed under the rubrics of their corresponding constitutional amendments, as opposed to the more generalized concept of

substantive due process. *See Cabello-Setlle v. Cnty. of Sullivan*, No. 21-cv-7477, 2022 WL

4387637, at *11, 2022 U.S. Dist. LEXIS 171695, at *31 (S.D.N.Y. Sept. 22, 2022) (dismissing

substantive due process claims where the claims were "all predicated upon the exact same factual

basis as [the plaintiff's] claims for excessive force, malicious prosecution, false arrest, and false

imprisonment"); *Rother*, 970 F. Supp. 2d at 100 (dismissing substantive due process claim where

"the harm and conduct challenged by the substantive-due-process, First Amendment, and equal-

protection claims significantly overlap[ped]"). Therefore, Defendants' motions to dismiss the

substantive due process claims are granted.

### C.    Conspiracy

Sinagra and the Town seek dismissal of Plaintiff's conspiracy claim, because Plaintiff

"offers nothing beyond speculation and conclusory allegations to substantiate his claim of a

conspiracy." (Dkt. No. 26-1, at 17). Cahill likewise asserts that "the Amended Complaint does

not allege, except in speculative and conclusory fashion, that the defendants formed an

agreement to violate Plaintiff's rights." (Dkt. No. 27-1, at 12). Plaintiff disagrees, arguing that he

has pled all three elements for a proper conspiracy cause of action. (*See* Dkt. Nos. 32, at 5; 33, at

4).

A conspiracy claim under Section 1983 must allege that: (1) an agreement existed

between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff

and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. Cnty. of Nassau*,

292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have

engaged in a conspiracy must be dismissed. *Ciambriello*, 292 F.3d at 325; *Webb v. Goord*, 340

F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide

some factual basis supporting a meeting of the minds" (citation omitted)); *Sommer v. Dixon,* 709

F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, No. 07-cv-3753, 2008 WL 4394681, at *9, 2008 U.S. Dist. LEXIS 72328, at *26 (E.D.N.Y. Sep. 23, 2008) (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff alleges, in a general and conclusory manner, that Defendants "act[ed] in concert to violate" Plaintiff's rights, and "agreed to cooperate with each other for the purpose of retaliating against [Plaintiff] by seeking and securing baseless criminal charges against" Plaintiff. (Dkt. No. 18, ¶¶ 46, 47). Plaintiff has provided only conclusory, vague, and general allegations that Defendants entered into an agreement, which are insufficient to state a claim. *See Oliver v. New York State Police*, No. 19-cv-233, 2020 WL 1849484, at *10, 2020 U.S. Dist. LEXIS 64150, at *28 (N.D.N.Y. Apr. 13, 2020) (granting motion to dismiss conspiracy claim because the plaintiff did not provide "any details of time and place regarding the alleged underlying agreement[,]" or "the factual basis necessary to enable the individual defendants intelligently to prepare their defense" (internal quotations and citations omitted)). Therefore, both Defendants' motions to dismiss Plaintiff's conspiracy claims are granted. [5]

---

[5] As Defendant Cahill separately notes, (Dkt. No. 27-1, at 13), a plaintiff's Section 1983 conspiracy claim also fails if he is unable to allege the underlying Section 1983 cause of action, *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009). Because the Court ultimately dismisses all of Plaintiff's underlying Section 1983 causes of action against Cahill, Plaintiff's Section 1983 conspiracy claim also fails against Cahill for this reason.

### D.    RICO[6]

#### 1.    Sinagra and the Town of Saugerties

Sinagra and the Town move to dismiss Plaintiff's RICO claim because "RICO claims are not permissible against municipalities or their employees." (Dkt. No. 26-1, at 19). Defendants argue that, under the case law, "a municipality cannot form the requisite criminal intent to establish a predicate act[.]" (*Id.* at 18 (quoting *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 457 (S.D.N.Y. 1998), *aff'd,* 182 F.3d 899 (2d Cir. 1999))). Plaintiff disagrees, but does not respond to Defendants' argument. (Dkt. No. 33, at 5-6).[7]

As the Second Circuit recently observed, "[s]ome district courts (and at least one treatise) endorse a rule that government entities, and their officers sued in their official capacities, cannot ordinarily be sued under RICO." *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 124–25 (2d Cir. 2019) (citing *Frooks*, 997 F. Supp. at 457). "Over the decades since RICO was enacted, courts have declined to hold municipal corporations liable for civil RICO, providing two rationales: (1) that government entities are incapable of forming the *mens rea* necessary to commit a RICO predicate act, and (2) that taxpayers should not be made liable for extraordinary damages as a result of the actions of a few dishonest officials." *Soybel v. City of New York*, No. 21-cv-1846, 2024 WL 5482682, at *7, 2024 U.S. Dist. LEXIS 241631, at *22 (E.D.N.Y. Mar. 15, 2024) (internal quotation and citation omitted). "[I]n *Gingras*, the Second Circuit held that the first rationale was 'not persuasive,' 'particularly given that private corporations are routinely held liable for damages under RICO.'" *Id.* However, in *Gingras* the plaintiffs only sought injunctive

---

[6] Preliminary, the Court notes that Plaintiff has failed to file a civil RICO statement as required by N.D.N.Y. Local Rule 9.2.

[7] The Court notes that Sinagra and the Town did not move to dismiss Plaintiff's claims against Sinagra in his individual capacity. *See Brewer v. Vill. of Old Field*, 311 F. Supp. 2d 390, 399 (E.D.N.Y. 2004) (following *Frooks*, 997 F. Supp. at 457, and dismissing RICO claims against defendants in their official capacities, but allowing plaintiff to proceed against defendants in their individual capacities).

relief, and the court noted that "concern for the inappropriateness of saddling the taxpayers with the financial burden of punitive damages imposed on a government entity is plainly not implicated where [ ] the relief sought is an injunction and not money damages." 922 F.3d at 125.

Here, Plaintiff seeks monetary damages. (*See* Dkt. No. 18, at 15-16). District courts have questioned the applicability of *Gingras* to situations where plaintiffs seek damages. *See, e.g., Cornetta v. Town of Highlands*, 434 F. Supp. 3d 171, 181 (S.D.N.Y. 2020) (noting that "the Second Circuit has not necessarily disavowed the line of cases dismissing RICO claims for *damages* against municipalities[,]" but declining to reach the issue where the plaintiff failed to plausibly allege injury); *Soybel*, 2024 WL 5482682, at *9, 2024 U.S. Dist. LEXIS 241631, at *25-26 (dismissing civil RICO claim against municipal entities, noting that while "*Gingras* did not explicitly hold that municipal entities are immune from [RICO] treble damages . . . it is clear from the context . . . that the Second Circuit conceived of RICO treble damages as, at least in part, punitive and viewed the public policy rationale as persuasive.").

Defendant Sinagra and the Town's sole argument for dismissal is that "Sinagra, as police chief for the Town of Saugerties Police Department, was legally incapable of forming the requisite criminal intent to be found liable under RICO[.]" (Dkt. No. 26-1, at 19). Because the Second Circuit has held that this argument is not persuasive, and because the parties did not address how the decision in *Gingras* applies in this case, the Court cannot dismiss Plaintiff's civil RICO claim for the reasons stated by Sinagra and the Town. Therefore, Sinagra and the Town's motion to dismiss is denied.

### 2. Cahill

Cahill moves separately to dismiss Plaintiff's RICO claim, arguing that Plaintiff "fails to identify any specific federal statutes that [D]efendants allegedly violated as would support a

RICO claim." (Dkt. No. 27-1, at 15). Plaintiff disagrees, arguing that the Amended Complaint "explicitly lists the five (5) actions performed by defendants that constituted their active participation in a pattern of racketeering activity." (Dkt. Nos. 32, at 5-6).

The RICO statute, 18 U.S.C. § 1962(c), makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity." To state a RICO claim, a plaintiff must plead "(1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) the causation of the injury by the defendant's violation." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) (alteration in original). As to the first element, a plaintiff must allege "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property as a result of the RICO violation." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (internal quotations marks omitted).

"Racketeering activity consists of the commission of a predicate act." *Aronov v. Mersini*, No. 14-cv-7998, 2015 WL 1780164, at *3, 2015 U.S. Dist. LEXIS 51695, at *7 (S.D.N.Y. Apr. 20, 2015). "Under any prong of § 1962, a plaintiff in a civil RICO suit must establish a "pattern of racketeering activity." *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995). "The RICO statutory scheme defines 'racketeering activity' to include 'a host of criminal offenses, which are in turn defined by federal and state law.'" *Dees v. Zurlo*, No. 24-cv-1, 2024 WL 2291701, at *5, 2024 U.S. Dist. LEXIS 90598, at *15 (N.D.N.Y. May 21, 2024) (quoting *Curtis & Assocs., P.C. v. L. Offs. of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 168 (E.D.N.Y. 2010), *aff'd*, 443 F. App'x 582 (2d Cir. 2011)), *aff'd sub nom. Dees v. Knox*, No. 24-1574-cv, 2025 WL 485019, 2025 U.S. App. LEXIS 3343 (2d Cir. Feb. 13, 2025). "'Pattern' is

defined by the statute as 'at least two acts of racketeering activity' within a ten-year period." *Id.*

The acts of racketeering activity that constitute the pattern must be among the various criminal

offenses listed in § 1961(1), and they must be "related, and [either] amount to or pose a threat of

continuing criminal activity." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d

Cir. 2008) (citation omitted). "[A]ll allegations of fraudulent predicate acts [ ] are subject to the

heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Cap. Asset

Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004)

Plaintiff does not specify which provision of RICO governs his claim; Plaintiff alleges

that Defendants engaged in a "pattern of racketeering activity" involving five separate "illegal

and criminal acts[.]" (Dkt. No. 18, ¶ 52). First, Plaintiff points to Sinagra's attempts to "coerce

and/or threaten" Plaintiff "to remain silent and abandon [ ] the criminal prosecution of his

nephew[.]" (*Id.*). But coercion—i.e., "the use of force or threat of force to restrict another's

freedom of action"— "does not qualify as a predicate act under RICO." *See Mackin v. Auberger*,

59 F. Supp. 3d 528, 550 (W.D.N.Y. 2014) (citing *Spiteri v. Russo,* No. 12–cv–2780, 2013 WL

4806960, at *48 n.55, 2013 U.S. Dist. LEXIS 128379, at *185 n.55 (E.D.N.Y. Sept. 7, 2013)).

Second, Plaintiff alleges that Sinagra and Cahill "consciously and deliberately ignored or

suppressed the [sic] information about and concerning [P]laintiff's legitimate business

practice[.]" (Dkt. No. 18, ¶ 52). But Plaintiff has not pointed the Court to a relevant criminal

offense or explained how this allegation constitutes an act "indictable under various specified

federal statutes[.]" *see Dees*, 2024 WL 2291701, at *5, 2024 U.S. Dist. LEXIS 90598, at *15.

Plaintiff alleges three additional predicate acts involving Sinagra and Cahill's

"conscious" or "deliberate" provision of "false," "misleading" and "incomplete" information.

(*See* Dkt. No. 18, ¶ 52 (alleging that Sinagra and Cahill (3) "consciously provided members of"

police and State entities "with false, incomplete or misleading information about and concerning [P]laintiff's legitimate and lawful business practices"; (4) "deliberately provided the Ulster County District Attorney's office with false or incomplete information and/or documentation concerning the lawful and legitimate business practices of [P]laintiff"; and (5) "did prepare or cause to be prepared written reports and/or criminal complaints which they knew contained false, misleading and incomplete information about and concerning [Plaintiff's] legitimate and lawful business practices.")). These allegations fail to plausibly allege predicate acts under RICO. Plaintiff has again failed to explain how these allegations constitute any criminal offense defined by federal or state law. *See Dees*, 2024 WL 2291701, at *5, 2024 U.S. Dist. LEXIS 90598, at *15. Further, as Cahill observes, (Dkt. No. 27-1, at 15), Plaintiff's claims "at best amount to a vague abuse of process or malicious prosecution claim[,]" and "allegations of malicious prosecution or abuse of process do not, on their own, suffice as predicate acts for a RICO violation[,]" *see Daddona v. Gaudio*, 156 F. Supp. 2d 153, 162 (D. Conn. 2000) (dismissing RICO claim because "[a]ttempts to characterize abuse of process or malicious prosecution claims as mail and wire fraud violations for RICO purposes have been scrutinized by the courts, and have been rejected where the only allegedly fraudulent conduct relates to the filing of documents in litigation"). Therefore, Plaintiff has failed to plausibly allege predicate acts to support his RICO claim. Having failed to plausibly allege any predicate act, let alone a pattern of racketeering activity, Defendant Cahill's motion to dismiss Plaintiff's RICO claim must be granted. [8]

---

[8] To the extent that Plaintiff attempts to state a claim for RICO conspiracy, (*see* Dkt. No. 18, ¶ 57), because Plaintiff has not adequately alleged a substantive violation of RICO, Plaintiff's RICO conspiracy claim is also subject to dismissal. *See First Cap. Asset Mgmt., Inc*, 385 F.3d at 182 (affirming dismissal of RICO conspiracy claim where plaintiffs "did not adequately allege a substantive violation of RICO").

E.    **Malicious Prosecution**

Sinagra and the Town seek dismissal of Plaintiff's malicious prosecution claim because Plaintiff "has not offered any specific factual allegations which demonstrate the absence of probable cause," and because Plaintiff "has not provided sufficient factual information to demonstrate that the criminal proceedings have come to a final conclusion or that any resolution was reached whatsoever." (Dkt. No. 26-1, at 20). Cahill similarly argues that Plaintiff's allegations are "vague, conclusory, and insufficient." (Dkt. No. 27-1, at 16). Plaintiff disagrees. (Dkt. Nos. 32, at 6; 33, at 6).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must . . . establish the elements of a malicious prosecution claim under state law." *Alberty v. Hunter*, 144 F.4th 408, 417 (2d Cir. 2025) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). "To prevail on a malicious prosecution claim under New York law, a plaintiff must show '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding[,] and (4) actual malice." *Alexander v. City of Syracuse*, 132 F.4th 129, 158 (2d Cir. 2025) (quoting *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021)). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Further, the Second Circuit has held that the burden of proof rests on the plaintiff to show a "lack of probable cause." *Pinsky v. Duncan*, 79 F.3d 306, 312 (2d Cir. 1996); *see also Ullah v. Office of Dist. Attorney*, No. 07-cv-2687, 2009 WL 2151357, at *5, 2009 U.S. Dist. LEXIS 61607, at *14 (S.D.N.Y. July 20, 2009).

For all the reasons explored above, *see* discussion *supra* Section IV.A., Plaintiff's allegation that Defendants initiated "a series of baseless criminal charges" against him "without any legal justification and without probable cause" is conclusory and does not adequately allege a lack of probable cause, (*see* Dkt. No. 18, ¶ 61). Moreover, Defendants correctly observe that Plaintiff has alleged no facts supporting his allegation that the undisclosed criminal proceedings "terminated in favor of [P]laintiff." (Dkt. No. 18, ¶ 61). This allegation is also wholly conclusory and is therefore insufficient to support his malicious prosecution claim. *See Adams v. City of New York*, No. 21-cv-3956, 2024 WL 3875772, at *6, 2024 U.S. Dist. LEXIS 147818, at *17-18 (E.D.N.Y. Aug. 19, 2024) (finding plaintiff failed to allege favorable termination where she alleged only that the criminal action against her "terminated in her favor"; "without factual allegations suggesting plaintiff was prosecuted following her arrest or that such prosecution ended in a favorable manner as a matter of law, the [proposed complaint] fail[ed] to state a claim for malicious prosecution"); *Cagan v. Rittenhouse*, No. 22-cv-00260, 2024 WL 1345295, at *7, 2024 U.S. Dist. LEXIS 57832, at *20 (E.D.N.Y. Mar. 29, 2024) (finding plaintiff failed to allege favorable termination where he stated "(in conclusory fashion) that his 'prosecution terminated' when he agreed to an ACD, but did not allege the "ensuing dismissal"). *C.f. Boehner v. City of Rochester*, 609 F. Supp. 3d 220, 235 (W.D.N.Y. 2022) (declining to dismiss malicious prosecution claim where plaintiff's alleged charges against them were dismissed for "facial insufficiency"; this allegation "easily [met] *Thompson*'s low bar"); *Francis v. City of Schenectady*, No. 20-cv-00703, 2022 WL 4619326, at *7, 2022 U.S. Dist. LEXIS 179811, at *21 (N.D.N.Y. Sept. 30, 2022) (favorable termination element met where plaintiff alleged charges upon which his arrest was based "were dismissed and sealed"). Because Plaintiff has failed to

allege facts from which the Court could plausibly infer that his prosecution ended without a conviction, Plaintiff's claims for malicious prosecution under Section 1983 must be dismissed.[9]

### F.     State Constitutional Claims

#### 1.     Subject Matter Jurisdiction

As a preliminary matter, Cahill moves to dismiss all of Plaintiff's state constitutional claims against him for lack of subject matter jurisdiction. (Dkt. No. 27-1, at 18). Plaintiff disagrees, asserting that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims. (Dkt. No. 32, at 7-8).

"With respect to state law claims for damages, 'New York has waived its immunity from liability and consented to be sued only to the extent that claims are brought in the New York Court of Claims.'" *Daly v. Town of DeWitt*, No. 18-cv-845, 2019 WL 4170162, at *4, 2019 U.S. Dist. LEXIS 149328, at *9-10 (N.D.N.Y. Sept. 2, 2019) (quoting *Gross v. New York*, 428 F. App'x 52, 53 (2d Cir. 2011)). "It is well settled that the Court of Claims has exclusive jurisdiction over actions for money damages against the State, State agencies, or State officials acting in their official capacities in the exercise of governmental functions[.]" *Bertoldi v. State*, 712 N.Y.S.2d 113, 115 (2000). Plaintiff concedes that all claims against Cahill in his official capacity should be dismissed, (Dkt. No. 32, at 8), and the Court accordingly dismisses these claims. *See Brooks v. New York*, No. 22-cv-6283, 2022 WL 4586044, at *3 (S.D.N.Y. Sept. 29, 2022) (dismissing claims against the State of New York and against the individual defendant

---

[9] Cahill separately argues that "the Amended Complaint does not identify any criminal charges that [Cahill] allegedly initiated or caused to be filed[.]" (Dkt. No. 27-1, at 16). The Court agrees. "A defendant initiates a proceeding when he 'play[s] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Buari v. City of New York*, 530 F. Supp. 3d 356, 383 (S.D.N.Y. 2021) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)). As the Amended Complaint does not provide any information about Plaintiff's criminal prosecution, Plaintiff has also failed to adequately allege that Cahill initiated or continued any criminal proceedings against him.

New York State officials, in their official capacities, "for lack of subject-matter jurisdiction under the doctrine of Eleventh Amendment immunity").

"On the other hand, damage claims against State employees sued in their individual capacities are not barred by the Eleventh Amendment or the Court of Claims Act." *Daly*, 2019 WL 4170162, at *4, 2019 U.S. Dist. LEXIS 149328, at *10. As such, the Court will not dismiss Plaintiff's state law claims against Cahill in his individual capacity for lack of subject matter jurisdiction. *See Ceara v. Gilboy*, No. 13-cv-6673, 2018 WL 4691043, at *2, 2018 U.S. Dist. LEXIS 170438, at *5 (W.D.N.Y. Sept. 28, 2018) ("The New York Court of Claims has jurisdiction over actions brought against state employees in their official capacities, but not over claims brought against state officials in their individual capacities.").

### 2.     Alternative Remedy

All Defendants move to dismiss Plaintiff's claims under the New York State Constitution, asserting, inter alia, that the Article I, § 11 claim is barred because Plaintiff has an adequate remedy under Section 1983. (Dkt. Nos. 26-1, at 21-22; 27-1, at 17). Plaintiff disagrees. (Dkt. Nos. 32, at 7-8; 33, at 6-7).

"Article I, Section 11 of the New York State Constitution provides that '[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof.'" *Sullivan v. City of New York*, No. 17-cv-3779, 2018 WL 3368706, at *19, 2018 U.S. Dist. LEXIS 114366, at *57 (S.D.N.Y. July 10, 2018) (quoting N.Y. Const., art. I, § 11). However, "[f]ederal courts in this circuit have [ ] uniformly held that no private right of action exists for violations of the New York State Constitution where the plaintiff has an alternative remedy under § 1983 for violations of parallel provisions of the U.S. Constitution." *Alwan v. City of New York*, 311 F. Supp. 3d 570, 586 (E.D.N.Y. 2018). "[W]here a complaint alleges no theories of liability that are cognizable

exclusively under the New York State Constitution, any claims brought under the state constitution are ordinarily dismissed." *Talarico v. Port Authority of New York and New Jersey*, 367 F. Supp. 3d 161, 171 (S.D.N.Y. 2019) (citations omitted); *see also Flores v. City of Mount Vernon*, 41 F. Supp. 2d 439, 447 (S.D.N.Y. 1999).

Here, a Section 1983 claim alleging violation of the Equal Protection Clause would have constituted an adequate alternative remedy. *See Sullivan*, 2018 WL 3368706, at *20, 2018 U.S. Dist. LEXIS 114366, at *58 (noting that "Article I, Section 11 of the New York State Constitution was intended to afford coverage as broad as that provided by the Fourteenth Amendment" (internal quotations and citation omitted)). However, Plaintiff did not advance an Equal Protection claim under Section 1983. "Because a State constitutional cause of action is a 'narrow remedy,' available only when a plaintiff lacks any other remedies to protect his rights, Plaintiff's failure to advance a Section 1983 claim bars him from advancing a Section 11 claim." *See id.* [10]

Moreover, "even if the Court found otherwise on this threshold matter," Plaintiff's claim would still fail. *See id.* Defendants Sinagra and the Town note, correctly, that Plaintiff "has not identified any similarly-situated individuals with whom he was comparatively treated differently." (See Dkt. No. 26-1, at 21 (citing *Facci-Brahler v. Montgomery County*, 2020 WL 360873, at *3, 2020 U.S. Dist. LEXIS 10292, at *10-11 (N.D.N.Y. Jan. 22, 2020) (holding that, "[e]ven assuming at this stage that [the p]laintiff ha[d] no alternative remedy for her equal-protection claims," the plaintiff had not "sufficiently alleged [the d]efendants intentionally

---

[10] Defendant Cahill separately asserts that "the state constitutional claims should be dismissed as time-barred." (Dkt. No. 27-1, at 18 (citing N.Y. C.P.L.R. § 215(3)); *see also Lettis v. U.S. Postal Serv.*, 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998) ("Section 215(3) of the New York Civil Practice Law and Rules [ ] provides that intentional torts such as assault, battery, false imprisonment, [and] malicious prosecution [ ] are limited by a one-year statute of limitations." (internal quotations omitted))). Plaintiff does not address this argument. Because the Court dismisses the claim on other grounds, the Court does not reach Cahill's statute of limitations argument.

discriminated against her" nor "identified similarly-situated individuals with whom she was

comparatively treated differently")). The Court therefore grants both Defendants' motions to

dismiss Plaintiff's Section 11 claims.[11]

## V.    LEAVE TO AMEND

Plaintiff seeks leave to amend any cause of action this Court has dismissed. (Dkt. No. 32,

at 8). Under Federal Rule of Civil Procedure 15(a), absent certain circumstances not at play here,

a party may amend its pleading only with the opposing party's written consent or the court's

leave. See Fed. R. Civ. P. 15(a)(1)–(2). Rule 15(a)(2) requires that a court "freely give leave

when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.

2007). But a court may, in its discretion, deny leave to amend "for good reason, including

futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery*

*Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (quoting *Bensch v. Est.*

*of Umar*, 2 F.4th 70, 81 (2d Cir. 2021). A request to amend is futile where the problem with the

claim is "substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99,

112 (2d Cir. 2000).

---

[11] As Defendants Sinagra and the Town observe, "although the Sixth Cause of Action is limited to a claim under Article 1 Section 11 of the New York State Constitution, Plaintiff does make passing reference to Article 1 Section 8 (freedom of speech), Article 1 Section 9 (the right to assemble or petition the government), and Article 1 Section 5 (cruel and unusual punishment)[.]" (Dkt. No. 26-1, at 21). (*See* Dkt. No. 18, ¶ 69). The Court declines to construe these passing references as additional causes of action, and in any event, these claims would similarly be subject to dismissal. *See Mustafa v. Syracuse City Sch. Dist.*, No. 05-cv-813, 2009 WL 10694775, at *4, 2009 U.S. Dist. LEXIS 149218, at *9 (N.D.N.Y. Feb. 11, 2009) (dismissing the plaintiff's Article I Section 8 state constitutional tort claim because the plaintiff had "an alternate damages remedy in his § 1983 claim for a First Amendment violation"); *Hamilton v. Martucello*, No. 24-cv-6500, 2025 WL 713032, at *9, 2025 U.S. Dist. LEXIS 39734, at *22 (dismissing claims under Article I Sections 9 and 11 of the New York State Constitution because these theories of liability are not "cognizable exclusively under the New York State Constitution"; "[d]istrict courts in this Circuit maintain the common view that there is no right of action under the New York State Constitution for claims that can be brought under § 1983" (internal quotation and citation omitted)); *Davis v. City of New York*, No. 13-cv-6260, 2021 WL 3492307, at *17, 2021 U.S. Dist. LEXIS 149132, at *47 (E.D.N.Y. Aug. 9, 2021) (dismissing claims under Article I Sections 5 and 11 of the New York Constitution where the provision had "no applicability whatsoever to the allegations in this case and plaintiff [made] no attempt to explain why they [were] relevant").

Defendant Cahill opposes amendment, arguing that Plaintiff "was already afforded the opportunity to correct deficiencies" while drafting the Amended Complaint, because "he had the since-withdrawn motions to dismiss on behalf of [Cahill] and the other [D]efendants to consult as a roadmap." (Dkt. No. 34, at 6 (citing Dkt. Nos. 11, 12)). Both Defendants' prior motions to dismiss contain largely the same arguments advanced in their current motions. (*Compare* Dkt. Nos. 11-1, 12-2 *with* Dkt. Nos. 26-1, 27-1). Plaintiff has already had the opportunity to amend his complaint to address these arguments, which are largely based on a lack of specific factual allegations, but he did not do so. (*Compare* Dkt. No. 2 *with* Dkt. No. 18). Further, in Plaintiff's opposition to the latest motions to dismiss, he seeks leave to amend but fails to identify any facts that would support viable claims. (*See* Dkt. No. 32, at 8).

To the extent that Plaintiff believes that he can amend with facts that address the multiple issues identified in this decision, Plaintiff may file a letter brief of no more than ten pages explaining what facts he seeks to allege and how, in light of this decision, those facts are sufficient to plausibly allege viable claims. *See Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co., Inc.*, 545 F. Supp. 3d 21, 24 (W.D.N.Y. 2021) ("Where it appears that granting leave to amend is unlikely to be productive, [ ] it is not an abuse of discretion to deny leave to amend." (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993))).

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants Sinagra and the Town of Saugerties's motion to dismiss (Dkt. No. 26) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Defendants Sinagra and the Town of Saugerties's motion to dismiss (Dkt. No. 26) is **DENIED** as to Plaintiff's civil RICO claim against Sinagra and the Town of Saugerties, and is otherwise **GRANTED**; and it is further

**ORDERED** that Plaintiff must file the RICO statement required by N.D.N.Y. Local Rule 9.2 within twenty-one (21) days of the date of this Order; and it is further

**ORDERED** that Defendant Cahill's motion to dismiss (Dkt. No. 27) is **GRANTED** in its entirety; and it is further

**ORDERED** that if Plaintiff seeks to amend his complaint, Plaintiff must file a letter brief of no more than ten pages within twenty-one (21) days of the date of this decision, explaining what facts he seeks to allege and how, in light of this decision, those facts are sufficient to plausibly allege viable claims, and the moving Defendants may respond to this letter by a letter brief within fourteen (14) days; and it is further

**ORDERED** that if the Plaintiff does not file a letter brief within twenty-one (21) days of this Order the Court Clerk is directed to terminate Defendant Cahill from this action and the case will be referred to the Magistrate Judge for a scheduling Order.

**IT IS SO ORDERED.**

Dated: August 18, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge